# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | **No. 4:24-cr-224** |
| **v.** | § | |
| | § | |
| **ENRIQUE ROBERTO "HENRY"** | § | |
| **CUELLAR and IMELDA RIOS** | § | |
| **CUELLAR,** | § | |
| | § | |
| Defendants. | § | |

**GOVERNMENT'S RESPONSE TO REP. CUELLAR'S MOTIONS
FOR DISCOVERY (ECF NO. 100),
FOR PRETRIAL JENCKS PRODUCTION (ECF NO. 101),
FOR LEAVE TO FILE ADDITIONAL MOTIONS (ECF NO. 102), AND
FOR FULL GRAND JURY RECORD (ECF NO. 105), AND
CROSS-MOTION TO SET BRIEFING SCHEDULE**

**Table of Contents**

Table of Authorities....................................................................................................................iii

I.      Government's Responses to Rep. Cuellar's Motions ...........................................1

        A.      The Motion for Discovery Should Be Denied (ECF No. 100) ...............................1

        B.      The Motion for Pretrial Jencks Production Should Be Denied (ECF No. 101)......6

        C.      The Court's Order on the Motion for Leave to File Unspecified Additional
                Pretrial Motions Should Be Reconsidered or, Alternatively, Clarified
                (ECF No. 102).........................................................................................................8

        D.      The Motion to Compel Production of the Complete Grand Jury Record
                Should Be Denied (ECF No. 105) ........................................................................12

II.     Government's Cross-Motion to Set a Briefing Schedule....................................16

III.    Conclusion ............................................................................................................17

## Table of Authorities

**Cases**

*Brady v. Maryland*, 373 U.S. 83 (1963) ................................................................ 3

*Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491 (1975) ................................ 15

*In re Grand Jury Testimony*, 832 F.2d 60 (5th Cir. 1987) ........................... 14, 17

*United States v. Brewster*, 408 U.S. 501 (1972) .............................................. 15

*United States v. Helstoski*, 635 F.2d 200 (3d Cir. 1980) .................................. 16

*United States v. Jefferson*, 546 F.3d 300 (4th Cir. 2008) ................................ 16

*United States v. Miramontez*, 995 F.2d 56 (5th Cir. 1993) .......................... 14, 15

*United States v. Renzi*, 651 F.3d 1012 (9th Cir. 2011) ............................... 15, 17

*United States v. Rostenkowski*, 59 F.3d 1291 (D.C. Cir. 1995) ........................ 16

*United States v. Shows Urquidi*, 71 F.4th 357 (5th Cir. 2023) ......................... 14

*United States v. Swindall*, 971 F.2d 1531 (11th Cir. 1992) .............................. 15

*United States v. Williams*, 998 F.2d 258 (5th Cir. 1993) ................................... 8

**Statutes**

18 U.S.C. § 3500 .......................................................................................... 7, 8

50 U.S.C. § 1806(c) ......................................................................................... 6

**Other Authorities**

Justice Manual 9-5.002 ..................................................................................... 4

**Rules**

S.D. Tex. Criminal Local Rule 12.2 ........................................................ 1, 7, 9, 13

Federal Rule of Evidence 1006 .......................................................................... 6

Federal Rule of Evidence 801 ............................................................................ 6

Federal Rule of Evidence 404(b) ........................................................................ 7

Federal Rule of Criminal Procedure 6(e) ........................................................... 14

Federal Rule of Criminal Procedure 16(a)(1) .............................................................. 2, 3

Federal Rule of Criminal Procedure 26.2 .................................................................. 7, 8

## I.     Government's Responses to Rep. Cuellar's Motions

### A.     The Motion for Discovery Should Be Denied (ECF No. 100)

Rep. Cuellar has filed a motion for discovery, unnecessarily seeking the Court's intervention in routine discovery matters and making requests to which the government largely does not object.[1]  The defendant also unnecessarily asks the Court to order the government to "supplement its response to this motion as it obtains additional responsive documents and information during trial and preparation."  ECF No. 100 at 1.  Because the defendant seeks either materials that he has already been or will be provided pursuant to the government's acknowledged obligations or identification or organization of the material to which he is not entitled and which the government has no obligation to provide, the Court should deny the motion.

The motion begins by acknowledging, as it must, that "the government has, to date, produced a substantial amount of material, some of which is responsive to the below requests." ECF No. 100 at 2.  Rep. Cuellar does not, however, attempt to identify what material has already been provided or what specific discovery requests are ripe for the Court's attention, so as to relieve the Court from unnecessary intervention in the discovery process.  Rep. Cuellar also does not acknowledge that he has not made a single request to the government for additional discovery or alerted the government that any discovery is lacking.

Since indictment, the government has made ten discovery productions under Federal Rule of Criminal Procedure 16, prioritizing the most relevant documents in the case.  The bulk of the relevant discovery was complete by February 2025, seven months prior to trial.  The government has also endeavored to organize the discovery and assist defense counsel's review of it.  All the

---

[1]     Rep. Cuellar's counsel did not confer with government counsel before filing this motion or note the government's position on the motion, in violation of CrLR12.2.

productions to date have been accompanied by letters detailing the contents of each production and the government has provided indexes containing additional details when possible. Where possible, the discovery was produced in load-ready, text-searchable electronic format. And the government has repeatedly offered to answer any questions about the discovery.

Despite this, the defendant has not identified any specific issues in the discovery, has not made a single request for additional discovery, and, even in this motion, does not allege any deficiencies in the government's productions to date.

The vast majority of the requests that the defendant makes in his motion are both unobjected to by the government and have already been complied with.

### 1. Rule 16

Rep. Cuellar requests material pursuant to each provision of Rule 16(a)(1)(A)-(B), (E)-(G). ECF No. 100 at 2-3 (Requests A-H). The government is aware of its discovery obligations and has no objection to these requests to the extent they are required by Rule 16.[2] The government has already produced responsive material in its possession and, should additional responsive materials come into the government's possession before trial, the government will continue to produce them.

In Request E, Rep. Cuellar, citing Rules 12(b)(3)(C) and 12(b)(4)(B), asks "that any materials that the government intends to use at trial as evidence in chief be specifically identified, both to enable counsel to prepare effectively for trial and to afford defendant an opportunity to move to suppress any such evidence." *Id* at 3. Rule 12(b)(4)(B) requires that any request made

---

[2]    The Defendant's requests largely track the language of Rule 16. However, some of the requests either omit limiting language or include requests not supported by the cited Rule. For example, request A omits the word "relevant" from Rule 16(a)(1)(A) (requiring disclosure of "the substance of any *relevant* oral statement made by the defendant" (emphasis added)); and request E asks the government to "identify the source of the materials," which is not required by Rule 16(a)(1)(E).

pursuant to that Rule be made "[a]t the arraignment or as soon afterward as practicable." Rep. Cuellar makes this request for the first time over a year after arraignment and after the deadline for filing motions to suppress has passed. Thus, to the extent he seeks such notice "to afford defendant an opportunity to move to suppress any such evidence," his request is untimely. To the extent he seeks it "to enable counsel to prepare effectively for trial," the Court has already ordered the government to identify its exhibits on or before August 22, 2025. ECF No. 88. Thus, this request should be denied.

### 2. *Brady*

Rep. Cuellar next requests discovery pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, as well as the disclosure of "all favorable documents and information without regard to whether there is a reasonable probability that the disclosure would change the outcome of the trial." ECF No. 100 at 4–5 (Requests I-K). Again, the government largely does not object to this request and has already been ordered to produce *Brady* material. ECF No. 16. The government is aware of its obligations pursuant to *Brady* and its progeny to provide exculpatory information to the defendant, as well as the law and Department policies that favor a broad application of those legal requirements. It has and will continue to comply with those obligations by providing any information in its possession that is responsive to them.

The government does not, however, agree with Rep. Cuellar's atextual interpretation of Department policies regarding disclosures, nor does it agree to be bound by those interpretations. For example, Rep. Cuellar cites Justice Manual 9-5.002, Step 1.B.7 to justify the types of impeachment evidence he seeks. ECF No. 100 at 5. To be clear, the manual itself does not create any legal obligation on the part of the government and, more salient here, Rep. Cuellar's interpretation of the manual is not accurate. For example, Rep. Cuellar cites the manual to justify

3

his request for "the immigration status of each prosecution witness who is not a United States citizen." ECF No. 100 at 7. The manual does not, however, direct disclosure of that information; rather, it directs that the government disclose "[b]enefits provided to any witness," to include "[s]tays of immigration or other immigration status considerations."

The government has and will continue to abide by its legal and ethical obligations to disclose exculpatory information, including any information about benefits, immigration or other, that were provided to government witnesses that could properly be used for impeachment purposes.

### 3. Rule 12 notice

The defendant next asks that "as a predicate to motions pursuant to Fed. R. Crim. P. 12" he be informed of certain information about the discovery that the government has provided. ECF No. 100 at 7 (Request L). As noted above, Rep. Cuellar makes this request for the first time *after* the Court's June 9 deadline for filing Rule 12 motions and over a year after arraignment. It should therefore be denied as untimely. *See* Fed. R. Crim. P. 12(b)(4)(B) (requiring request to be made "[a]t the arraignment or as soon afterward as practicable").

Even if the request had been timely, though, it is unfounded. Rep. Cuellar cites no authority for the premise that he is entitled to separate notice of how he or his counsel may use particular types of discovery to mount legal challenges under Rule 12, and the government is not aware of any obligation to assist the defense in identifying this information.

The specific requests he makes are also unnecessary or unfounded. First, he asks that the government inform him whether it will offer any of his statements into evidence. These statements by the defendant may be admissible for a variety of reasons. Any of the defendant's statements

that the government may introduce at trial will be identified on its exhibit list, which is due August 22.  Order, ECF No. 88.

Second, he requests that the government identify what evidence in its possession was obtained by search and seizure (Request L.2), through mail or trash cover (Request L.7), or through an informant or undercover agent (Request L.8).  The government has produced search warrants and warrant applications used to obtain evidence and has produced agent reports detailing how evidence was obtained.  The defendant also requests that the government identify evidence obtained through a Title III wiretap authorization or under the Foreign Intelligence Surveillance Act ("FISA") (Request L.3-L.4) and provide the materials submitted to the court in the application for the intercept, the court's orders allowing the intercept, and any efforts made to minimize interception not authorized (Request L.5).  He also asks for notices of termination of the surveillance, sealing materials, and any documents describing the necessity of such intercepts. (Request L.6).  To the extent that such methods were used in the investigation in this case, the government's discovery reflects that.  In regard to Rep. Cuellar's requests regarding FISA, the government is aware of FISA's notice requirements, 50 U.S.C. § 1806(c), and its obligation to provide discoverable information and will comply with them.

### 4.  Rule 1006

The defendant next requests that he be advised whether the government will seek to offer any evidence under Federal Rule of Evidence 1006.  ECF No. 100 at 9 (Request M).  The government does not object and will endeavor to provide notice of such at the time it discloses its exhibit list to the defendants by August 22, as previously ordered by the Court. Order, ECF No. 88.

### 5.  Rule 801

The defendant next requests that he be advised whether the government will seek to offer any evidence under Federal Rule of Evidence 801(d)(2)(B), (C), (D), or (E).  ECF No. 100 at 9 (Request N.1-4).  The government is not aware of nor does Rep. Cuellar cite any obligation the government has to separately identify admissible statements of this sort prior to trial.  Nevertheless, the government does anticipate filing a trial brief prior to trial and, where it anticipates objections to certain key evidence, will raise that with the Court for its consideration.

### 6.  Rule 404(b)

Finally, the defendant asks the Court to order the prosecution to disclose evidence subject to Federal Rule of Evidence 404(b).  The government does not object to this request and, in fact, has already disclosed much of this evidence.  The government is also aware of its obligations under Rule 404(b) to provide notice of its intent to offer such evidence at trial and will comply with them.

### B.    The Motion for Pretrial Jencks Production Should Be Denied (ECF No. 101)

Rep. Cuellar has also moved for pretrial disclosure of discoverable Jencks Act materials.[3] ECF No. 101.  Specifically, he seeks pretrial disclosure of: (a) the grand jury transcripts of the testimony of government trial witnesses; and (b) "any memoranda of what any particular government witness may have said, whether included in a formal investigative report and/or in the rough notes of some agent, representative or employee of the government." ECF No. 101 at 1–2.

With respect to the first category of materials, the government has already given the defense the transcripts of the testimony of all grand jury witnesses except one.  The Court found that the government had good cause to withhold production of that witness's transcript at this time, noting

---

[3]     Rep. Cuellar's counsel likewise did not confer with government counsel before filing this motion or note the government's position on the motion, in violation of CrLR12.2.

the government's commitment to produce the transcript if the witness testifies at trial. Order, ECF No. 110.

With respect to the second category, Rep. Cuellar's motion seeks materials beyond what is covered by the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2.  Those authorities require production of a witness's "statement," defined as: "(1) a written statement that the witness makes and signs, or otherwise adopts or approves; (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or (3) the witness's statement to a grand jury …." Fed. R. Crim. P. 26.2(f); *accord* 18 U.S.C. § 3500(e).  Reports of witness interviews created by law enforcement agents generally do not constitute the witness's discoverable "statement" unless "they contain a written, signed statement of a government witness, or a 'substantially verbatim recital' of an oral statement made by a government witness."  *United States v. Williams*, 998 F.2d 258, 269 (5th Cir. 1993).  Nevertheless, apart from the one witness addressed in the government's sealed ex parte filing, the government has given the defense the law enforcement reports of interviews of the witnesses the government anticipates calling at trial and anticipates producing additional interview reports created during preparation for trial.

Although the Jencks Act and Rule 26.2 do not require disclosure of witness statements until after the witness's direct testimony, *see* 18 U.S.C. § 3500(a)–(b); Fed. R. Crim. P. 26.2(a), the government has stated that it intends to produce these materials to the defense before trial.  *See* ECF No. 73 at 5.  Because the government has either already produced the requested materials or agreed to produce the requested materials before trial, Rep. Cuellar's motion should be denied as moot.

The government respectfully requests, in turn, that the Court order the defendants to produce before trial any statements of defense witnesses in their possession relating to the subject matter of the witness's testimony. *See* Fed. R. Crim. P. 26.2(a).

**C.     The Court's Order on the Motion for Leave to File Unspecified Additional Pretrial Motions Should Be Reconsidered or, Alternatively, Clarified (ECF No. 102)**

On June 9, which was the recently extended deadline to file pretrial motions, Rep. Cuellar moved for leave to file more pretrial motions.[4]  ECF No. 102.  The Court granted the motion on June 12, before the government responded.  ECF No. 106.  The government respectfully requests leave to file this response to the motion and respectfully seeks reconsideration — or in the alternative, clarification — of the Court's order granting the motion.

Rep. Cuellar's motion for leave to file additional pretrial motions attempts to relitigate the recent defense motion to continue all pretrial and trial dates by at least 45 days.  ECF No. 71.  The Court largely denied that continuance motion, but extended the deadline for certain motions from May 9, 2025, to June 9, 2025.  ECF Nos. 77, 88.  Now, at the new deadline, Rep. Cuellar seeks leave to file unspecified additional motions at an unspecified future time.  ECF No. 102.  In support of that request, he cites two of the same grounds offered in the prior continuance motion — a batch of discovery produced before the hearing on the prior motion and the need to discuss classified information with his counsel.  ECF No. 102 at 1–2.  Both grounds were discussed extensively in the parties' briefs and at the hearing on the prior motion, and he provides no basis to revisit the Court's decision.  *See* ECF Nos. 71, 73, 76; May 2, 2025 Pretrial Conf. Tr. 4:7–9:4, 11:23–12:11,

---

[4]     Rep. Cuellar's counsel did not confer with government counsel before filing this motion or note the government's position on the motion, in violation of CrLR12.2.

13:1–14:24.  Rep. Cuellar's motion for leave to file additional motions should thus have been denied.

Even if these grounds were properly considered anew, neither justifies a further extension of the motions deadline.  First, as the government explained at the most recent hearing, the May 1, 2025 discovery production was largely in searchable format and consisted primarily of: (a) filtered, relevant documents from the defendants' iCloud accounts, which the government previously produced in full, unfiltered form over a year ago; (b) documents from the separate, earlier investigation from which this case arose; and (c) materials gathered recently in the government's ongoing investigation.  May 2, 2025 Pretrial Conf. Tr. 6:1–9:4.  Rep. Cuellar does not identify any specific materials in the May 1 discovery production on which he would base a motion(s) or specify what type of motion(s) he wants to file.  Nor does he explain why he could not file the motion(s) in the more than five weeks between the May 1 production and the June 9 motions deadline.  The May 1 discovery production thus does not constitute good cause to further extend the June 9 motions deadline to an unspecified future date.

Second, Rep. Cuellar's claimed need to discuss classified information with his counsel also does not constitute good cause to further extend the motions deadline.  He contends that he and his counsel were not granted access to a secure space — which is where discussions of classified information must occur — "at the federal courthouse in Houston" until after the June 9 motions deadline had passed. ECF No. 102 at 2.  This assertion misleadingly omits that Rep. Cuellar met with his cleared counsel in a secure space — just not in Houston.  With the help of the Classified Information Security Officer, Rep. Cuellar and his cleared counsel met to discuss classified information in a secure space in Washington, D.C., the week of May 5, 2025.  In addition to failing

to disclose this fact to the Court, Rep. Cuellar fails to explain why he could not file a motion in the more than four weeks between that meeting and the June 9 motions deadline.

Also, although Rep. Cuellar claims a desire to "file motions under the Classified Information Procedures Act (CIPA)," he does not explain what type of motion(s) he wants to file. ECF No. 102 at 2. Other than motions for a pretrial scheduling conference — which can be filed by either party and which conference has already occurred in this case, *see* ECF No. 38 — CIPA does not contemplate defense motions. *See* ECF No. 31 (providing overview of CIPA provisions). And while a prior defense filing alluded to two potential filings concerning classified information (*see* ECF No. 76 at 10–13), neither justifies a further extension of the motions deadline. The first potential motion, concerning any materials obtained under the Foreign Intelligence Surveillance Act (*see* ECF No. 76 at 11–13), has already been filed as part of Rep. Cuellar's motion for discovery. *See* ECF No. 100 at 8 (requesting information concerning any FISA surveillance). The second potential filing is an ex parte submission outlining Rep. Cuellar's theory of the defense to help the Court assess the relevance of the classified information at issue in the government's CIPA § 4 motion. *See* ECF No. 76 at 10–11. This submission could have been filed at any time before the government filed its CIPA § 4 motion in September 2024, before the Court ruled on the motion in December 2024, or before the June 9 motions deadline, as defense counsel did not need a security clearance to outline their theory of the defense.[5] Thus, neither filing that Rep. Cuellar previously alluded to justifies another extension of the motions deadline.

---

[5] While the government did not believe that such a defense submission would have materially helped the Court in deciding the CIPA § 4 motion, the government's CIPA § 4 motion alerted the Court to the option of inviting such a submission. *See* CIPA § 4 Mot. at 18–19. The Court granted the CIPA § 4 motion without inviting such a submission, *see* ECF No. 65, confirming that a defense submission was not needed to decide the motion.

Because Rep. Cuellar's motion does not meet the standard for reconsideration, and because in any event the grounds offered in the motion do not constitute good cause to further extend the motions deadline, the government respectfully requests that the Court reconsider its order granting the motion.

In the alternative, if the Court is not inclined to reconsider that order, the government respectfully requests that the Court clarify the order in two respects. First, the leave to file additional motions should be limited to the additional motions identified in Rep. Cuellar's motion — motions concerning the May 1 discovery production and motions concerning classified information. Rep. Cuellar has not attempted to show that there is good cause to extend the deadline for any other types of motions. Second, to promote timely resolution of issues affecting the evidence at trial, the government respectfully asks that the Court set a briefing schedule for the additional motions that would allow resolution before the August 22, 2025 deadline for motions in limine and the government's witness and exhibit lists. The government respectfully proposes the following schedule: any additional motions to be filed by July 2, 2025; responses to be filed by July 14, 2025; and replies to be filed by July 18, 2025.

Finally, separate from the motions deadline, the government acknowledges that there may be good cause to extend the January 2025 CIPA § 5 deadline for the defendants to provide notice of any classified information they reasonably expect to disclose at trial. *See* ECF Nos. 47, 64. That is because none of Rep. Cuellar's counsel of record had received security clearances by January 2025, and thus they could not speak with Rep. Cuellar about any potentially relevant classified information he had access to by virtue of his position in Congress and determine whether they intend to disclose any such information at trial. Now that Rep. Cuellar has cleared counsel and has met with them in a secure space to discuss classified information, and now that they also

have access to a secure space in the Houston federal courthouse, the government respectfully proposes that the defendants' CIPA § 5 notice deadline be reset to July 8, 2025.

### D. The Motion to Compel Production of the Complete Grand Jury Record Should Be Denied (ECF No. 105)

#### 1. Background

On May 9, 2024, Rep. Cuellar filed a Motion to Dismiss the Indictment for Speech or Debate Clause Violations. ECF No. 87. In that Motion, he asked the Court "to order the government to disclose the grand jury record of the indictment for review of Speech or Debate violations." *Id.* at 1. Before filing his Motion, Rep. Cuellar neither requested disclosure of the grand jury transcripts nor conferred with government counsel as required by CrLR12.2. After the Motion was filed, the government informed Rep. Cuellar that it did not oppose disclosure of the transcripts of witness testimony and accompanying exhibits presented to the grand jury. To facilitate that disclosure, the government moved for authorization to disclose grand jury materials, ECF No. 91, and the Court granted that motion, ECF No. 93.

On May 23, 2025, after receiving the Court's authorization, the government produced all the grand jury transcripts and exhibits in its possession to Rep. Cuellar, except for the testimony of one witness.[6] However, because Rep. Cuellar had not previously requested any grand jury materials, the government had not ordered the transcripts of proceedings on April 2 and 30, 2024. The government informed Rep. Cuellar that it would produce those transcripts after it received them from the court reporter.

---

[6] The Court found that the government showed good cause to withhold production of that witness's testimony, which did not implicate Rep. Cuellar's Speech or Debate claims. ECF No. 110, at 1.

On June 9, 2025, Rep. Cuellar filed a motion to compel the government to produce "the balance of the grand jury record." ECF No. 105, at 5. On June 12, 2025, the government produced the transcripts of witness testimony and exhibits from April 2 and 30, 2024, thereby completing its production of evidence presented to the grand jury. On June 15, 2025, the Court ordered the government to address Rep. Cuellar's request for "grand jury transcripts containing the prosecutors' instructions on the law, factual summaries, or other remarks made to the grand jurors outside of the witness testimony." ECF No. 110, at 2.

## 2. Applicable Law

"Federal courts long have recognized that secrecy is essential to maintaining the integrity of the grand jury system." *United States v. Shows Urquidi*, 71 F.4th 357, 366 (5th Cir. 2023) (quoting *In re Grand Jury Testimony*, 832 F.2d 60, 62 (5th Cir. 1987)). A court may authorize disclosure of grand jury materials "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(i)–(ii). "The burden is on the party seeking disclosure to show that 'a particularized need' exists for the materials that outweighs the policy of secrecy." *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993); *see also In re Grand Jury Testimony*, 832 F.2d 60, 62 (5th Cir. 1987) (disclosure may be authorized only where "a party demonstrates with particularity a 'compelling necessity' for the materials"). To meet this burden, the party seeking disclosure must show that "(1) the material he seeks is needed to avoid a possible injustice . . ., (2) the need for disclosure is greater than the need for continued secrecy, and (3) his request is structured to cover only material so needed." *Miramontez*, 995 F.2d at 59.

### 3.  Discussion

The government did not oppose disclosure of the *evidence* presented to the grand jury —
consisting of witness testimony and accompanying exhibits — to facilitate the prompt resolution
of Rep. Cuellar's Speech or Debate claims.  However, non-evidentiary matters occurring before
the grand jury, such as the prosecutors' instructions on the law, factual summaries, and other
remarks made to the grand jurors, are not relevant to the Speech or Debate Clause analysis.  Rep.
Cuellar therefore fails to show a "particularized need" for their disclosure that "outweighs the
policy of secrecy."  *Miramontez*, 995 F.2d at 59.

The Speech or Debate Clause immunizes Members of Congress from civil and criminal
liability based on their legislative acts.  *See United States v. Brewster*, 408 U.S. 501, 509 (1972);
*Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 502–03 (1975) ("the Clause provides protection
against civil as well as criminal actions").  An indictment that "depend[s] on 'legislative act'
evidence" violates the Clause, *United States v. Renzi*, 651 F.3d 1012, 1028 (9th Cir. 2011)
(emphasis omitted), as such an indictment "expose[s] the member to criminal liability," *United
States v. Swindall*, 971 F.2d 1531, 1549 (11th Cir. 1992).  Dismissal is not warranted based on the
mere presentation of protected evidence to the grand jury; rather, the question is whether the
protected evidence "caused the jury to indict."  *Renzi*, 651 F.3d at 1027 (quoting *Swindall*, 971
F.2d at 1546–50)).

In making this determination, courts examine the *evidence* presented to the grand jury and
inquire whether the legislative-acts evidence was necessary for the grand jury to indict, meaning
whether it was an essential element of proof supporting probable cause.  *Id.* at 1031; *see generally
Kaley v. United States*, 571 U.S. 320, 328 (2014) (describing "the grand jury's singular role in
finding the probable cause necessary to initiate a prosecution for a serious crime" based "upon the

evidence" before it (internal quotation marks omitted)).  In *Renzi*, for example, the court held that although certain exhibits containing legislative-acts evidence "should not have been presented," dismissal was not appropriate because those exhibits were not "'essential elements of proof' that *caused* the jury to indict."  651 F.3d at 1031 (emphasis in original).  By contrast, in *Swindall*, the court concluded that "the improper Speech or Debate *evidence . . .* was fatal to the indictment" because "*evidence* of Swindall's legislative acts was an essential element of proof with respect to the affected counts."  971 F.2d at 1549 (emphasis added).  Other courts have similarly framed the inquiry as whether the legislative-acts evidence was a necessary component of proof supporting probable cause.  *See United States v. Helstoski*, 635 F.2d 200, 201 (3d Cir. 1980) (describing the question presented as "whether an indictment based upon *evidence* protected by the speech or debate clause is valid" (emphasis added)); *United States v. Rostenkowski*, 59 F.3d 1291, 1297 (D.C. Cir. 1995) (stating that it may be necessary under some circumstances "to look beyond the face of an indictment and to examine the *evidence* presented to the grand jury" (emphasis added)).

Ignoring this language, Rep. Cuellar asserts that "[t]he relevant cases either explicitly state that the whole of the grand jury records were reviewed or strongly suggest it."  Mot. 4.  For that proposition, he cites *United States v. Jefferson*, 546 F.3d 300, 314 (4th Cir. 2008).  But *Jefferson* says exactly the opposite.  There, the government voluntarily disclosed portions of the grand jury testimony to the defense to review for Speech or Debate Clause violations.  The district court agreed to review the balance of the grand jury testimony *in camera*, although not required under the case law, "out of an abundance of caution."  *Id*. at 306.  As the district court opinion explained, "the materials provided to [the defendant] and the court did not include any arguments or instructions offered to the grand jury by the prosecutors."  *Id.* at 306 n.5.  On appeal, the defendant argued that "the court erred in not requiring the prosecutors to submit for *in camera* review the

transcripts of any arguments or instructions the prosecutors may have given to the grand jury," as such transcripts "could reveal additional evidence that Speech or Debate Clause materials were presented to the grand jury." *Id.* at 309–10. The Fourth Circuit rejected the defendant's arguments. Emphasizing that "a facially valid indictment is not subject to dismissal simply because the grand jury may have considered improper evidence, or because it was presented with information or evidence that may contravene a constitutional privilege," *id.* at 312, the court concluded that the defendant was not entitled to any further review of the grand jury record. *Id.* at 314.

The government has already produced all the evidence presented to the grand jury. Rep. Cuellar has not cited any authority to compel disclosure of non-evidentiary matters occurring before the grand jury, nor has he explained how such matters are relevant to his claims. The prosecutor's instructions on the law have no bearing on whether any protected Speech or Debate evidence that may have been presented to the grand jury was an "'essential element[] of proof' that *caused* the jury to indict." *Renzi*, 651 F.3d at 1031 (emphasis in original). Likewise, as grand juries are routinely instructed, the prosecutor's statements are not evidence. Thus, any factual summaries or other remarks by the prosecutor are irrelevant to any possible Speech or Debate claim. Because Rep. Cuellar has failed to "demonstrate[] with particularity a 'compelling necessity' for the materials" that overcomes the policy of grand jury secrecy, *In re Grand Jury Testimony*, 832 F.2d at 62, his motion to compel should be denied. Nonetheless, the government is willing to provide transcripts of non-evidentiary matters for *in camera* review if the Court deems it appropriate.

## II.   Government's Cross-Motion to Set a Briefing Schedule

The resolution of any motion to dismiss based on the grand jury records provided to defense counsel may affect the evidence and issues for trial. Accordingly, the government respectfully requests that the Court set a briefing schedule for any motions based on the grand jury materials

that would allow resolution before the August 22, 2025 deadline for motions in limine and the government's witness and exhibit lists.  Rep. Cuellar has had all evidence presented to the grand jury since June 12, 2025, and the legal issues largely overlap with those already briefed in his Motion to Dismiss Indictment for Speech or Debate Clause Violations, ECF No. 87.  The government respectfully proposes the following schedule: motions to be filed by July 2, 2025; responses to be filed by July 14, 2025; and replies to be filed by July 18, 2025.  The government sought Rep. Cuellar's position on this request but did not receive a response.

**III.    Conclusion**

Rep. Cuellar's motions should be denied.  The Court should set the following briefing schedule for any motions based on the grand jury records provided:  motions to be filed by July 2, 2025; responses to be filed by July 14, 2025; and replies to be filed by July 18, 2025.

Dated: June 23, 2025                              Respectfully submitted,

EDWARD P. SULLIVAN                    JENNIFER KENNEDY GELLIE
Acting Chief                                   Chief
Public Integrity Section                    Counterintelligence and Export Control Section
Criminal Division                           National Security Division
U.S. Department of Justice                  U.S. Department of Justice

By: _/s/ Rosaleen O'Gara_____          By: _/s/ Garrett Coyle_____
Rosaleen O'Gara                            Garrett Coyle
Celia Choy                                 Attorney for the United States
Aaron L. Jennen
Attorneys for the United States

## CERTIFICATE OF SERVICE

I certify that I filed this document via the CM/ECF system on June 23, 2025, which caused the document to be electronically served on all counsel of record.

*/s/ Garrett Coyle*
Garrett Coyle