United States District Court
Southern District of Texas
**ENTERED**
July 03, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-24-cr-224 |
| § | |
| ENRIQUE ROBERTO "HENRY" § | |
| CUELLAR and IMELDA RIOS § | |
| CUELLAR, § | |
| § | |
| Defendant. § | |

**ORDER**

Henry Cuellar has asked for an order on discovery under the Fifth and Sixth Amendments to the United States Constitution, *Brady v. Maryland*, 373 U.S. 83 (1963), the Due Process Protections Act, Fed. R. Crim. P. 16, Justice Manual 9-5.001, 9-5.002, and 9-5.003, and "other provisions of law" set forth in Cuellar's motion. (Docket Entry No. 100). The government's response is that it has or will be producing the materials sought, and that it will comply with *Brady*, Rule 16 of the Federal Rules of Evidence, and other applicable discovery requirements.

Cuellar's motion does not identify specific problems with the government's discovery. (Docket Entry No. 111). If Cuellar identifies specific problems and confers with the government about them without success, he should promptly file a motion and seek an expedited hearing. Until he does so, there is no basis for court intervention, with the exceptions noted below.

Cuellar also sought leave to file additional pretrial motions and for an extension of the deadline to do so. (Docket Entry No. 102). The court granted that motion. (Docket Entry No. 106). The court did not specify deadlines by which those motions must be filed. The court clarifies its order granting the motion for leave to file additional pretrial motions to specify that any

additional motions must be filed no later than July 9, 2025. The responses are due by July 18, 2025. Replies are due by July 23, 2025. The court also resets the defendants' CIPA § 5 notice deadline to July 14, 2025, to allow them time to consult with counsel in a secure space.

Cuellar also moves for the pretrial disclosure of any Jencks Act material, which he defines as the following: (1) complete transcripts of Grand Jury testimony given by any government witness; and (2) any memoranda of what any particular government witness may have said, whether included in a formal investigative report or in the rough notes of any agent, representative or employee of the government. (Docket Entry No. 101 at 1-2). Cuellar has also moved to compel the grand jury record. (Docket Entry No. 105).

As to the first portion of the material that Cuellar seeks under the Jencks Act, 18 U.S.C. § 3500, the only part of that record that the government has not produced or agreed to produce is the testimony of one witness, which the court has already agreed need not be produced at this time, (Docket Entry No. 110), and the parts of the transcripts containing instructions on the law, factual summaries, and other remarks prosecutors made to the grand jurors outside of witness testimony. The court orders the government to provide the court with the transcripts of these non-evidentiary matters presented to the grand jury, for an in-camera review to determine whether they contain evidence that Speech or Debate Clause materials were presented to the grand jury. The government must produce the transcripts to the court for in camera review no later than July 11, 2025.

As to the second portion of the discovery that Cuellar seeks under the Jencks Act, the government argues that the materials that Cuellar seeks goes beyond what is covered by the Jencks Act and by and Federal Rule of Criminal Procedure 26.2. (Docket Entry No. 111 at 11). The government asserts that apart from the one witness addressed in the government's sealed ex parte

filing, the government has given the defense the law enforcement reports of interviews of the witnesses the government anticipates calling at trial and anticipates producing additional interview reports created during preparation for trial. (*Id.*). That is more than sufficient to satisfy the government's obligations under the Jencks Act. Cuellar's motion for those materials is denied as moot. (Docket Entry No. 105).

To address any addition pretrial discovery issues, the court sets an interim pretrial conference for August 15, 2025, at 2:00 pm, in Courtroom 11-B.

SIGNED on July 3, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge