UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § v. § § ENRIQUE ROBERTO "HENRY" § CUELLAR and IMELDA RIOS § CUELLAR, § § Defendants. § | No. 4:24-cr-224 |

**GOVERNMENT'S OPPOSITION TO
REP. CUELLAR'S MOTION FOR CLASSIFIED DISCOVERY**

**I.    Introduction**

Without conferring with the government, and after the deadline for filing additional pretrial motions, Rep. Cuellar has filed a motion for discovery of classified information. ECF No. 121.

Because Rep. Cuellar did not seek leave to file the motion after the deadline or offer good cause for the late filing, the motion should be denied as untimely.

In any event, the motion should be denied on the merits. Rep. Cuellar's primary request is for an order directing the government to search for and produce information that he filed as an ex parte exhibit to the motion. Rep. Cuellar has refused to provide the exhibit to the government — despite the government's request, and without providing any legal justification for an ex parte filing — depriving the government of the ability to respond to his motion. His other requests should be denied either as moot or for the reasons explained in the government's classified ex parte supplement to this response and the accompanying classified declaration, filed with the Classified Information Security Officer pursuant to § 4 of the Classified Information Procedures Act (CIPA) and Federal Rule of Criminal Procedure 16(d).

1

## II.    Background

In September 2024, the government filed an ex parte classified motion for a protective order under CIPA § 4 and Rule 16(d) seeking the Court's authorization to withhold certain classified information in discovery. ECF No. 60. The Court granted the motion in full in December 2024.[1] ECF No. 65.

Two of Rep. Cuellar's counsel received security clearances in April 2025. Two more counsel who already had security clearances entered appearances in this case in early May 2025. ECF Nos. 81, 82, 83, 84, 89, 90. As a result, since at least that time, Rep. Cuellar and his cleared counsel have been able to discuss any potentially relevant classified information he had access to by virtue of his position in Congress. Rep. Cuellar met with three of his cleared counsel in a secure facility in Washington, D.C., in early May 2025. He has also had access to a secure space in Houston where he could discuss classified information with his counsel since June 11, 2025.

The Court set filing deadlines for motions to dismiss under Rule 12(b)(3)(A)–(B) and for all other pretrial motions. ECF No. 78. At the prior deadline for all other motions, Rep. Cuellar sought leave to file more pretrial motions. ECF No. 102. The Court granted that request, ECF No. 106, but ordered that "any additional motions must be filed no later than July 9, 2025." ECF No. 118 at 2–3. Neither defendant filed any additional motions on or before July 9.

---

[1]    Rep. Cuellar's motion asserts that "[t]he defense is still waiting for the government to disclose the classified information already in its possession." ECF No. 121 at 6. However, in granting the government's CIPA § 4 motion, the Court authorized the government to withhold all potentially discoverable classified information that the government has identified. There is thus no classified information that the government anticipates producing in discovery in this case.

### III. Argument

#### A. The Motion Should Be Denied as Untimely

Rep. Cuellar's motion should be denied as untimely. After granting three extensions of the motions deadline at Rep. Cuellar's request (ECF Nos. 47, 78, 106), the Court ordered any further pretrial motions to be filed by July 9. ECF No. 118 at 2–3. Yet Rep. Cuellar filed this motion on July 18, without seeking the Court's leave to file after the deadline and without offering good cause for the late filing.

There is no such good cause. Rep. Cuellar and his cleared counsel met in a secure facility to discuss classified information in early May. He thus had some two months after that to meet the Court's deadline. Moreover, the requests in the motion did not require his counsel to have security clearances and could have been made months earlier. For example, no security clearance was needed for Rep. Cuellar's counsel to ask whether the government had searched for potentially discoverable classified information. Nor was a security clearance needed for Rep. Cuellar's counsel to seek to file an ex parte submission outlining his theory of the defense to help the Court in its review of the classified materials at issue in the government's CIPA § 4 motion. Those requests could have been made before the government filed its CIPA § 4 motion in September 2024 or before the Court ruled on the CIPA § 4 motion in December 2024 — and in all events before the July 9 motions deadline. Indeed, large portions of Rep. Cuellar's motion appear to have been copied and pasted verbatim from a prior filing in this case in May, confirming the absence of good cause for the late filing. *Compare* ECF No. 121 *with* ECF No. 76. The motion should thus be denied as untimely.

#### B. The Motion Should Also Be Denied on the Merits

If not denied as untimely, the four requests in Rep. Cuellar's motion should be denied on the merits. First, Rep. Cuellar asks the government to disclose whether it has searched for

3

potentially discoverable information in the possession of U.S. intelligence agencies. ECF No. 121 at 7. As with his other recent motions (*see* ECF Nos. 100, 101, 102, and 105), Rep. Cuellar did not confer with the government before filing this motion, in violation of CrLR 12.2. This failure to confer flouted the Court's order only two weeks earlier that "there is no basis for court intervention" in discovery matters "[u]ntil" "Cuellar identifies specific problems *and confers with the government about them without success*." ECF No. 118 at 1 (emphasis added). Had he conferred, the government would have explained that it has already stated on the record, in April 2025, that it conducted these searches. ECF No. 73 at 5–6. Rep. Cuellar's motion for an order directing the government to disclose whether it has searched for potentially discoverable classified information should thus be denied as moot.

Second, Rep. Cuellar asks for an order directing the government to search for and produce information in Exhibit A. ECF No. 121 at 7. However, Rep. Cuellar filed Exhibit A ex parte, without seeking the Court's permission or citing any authority permitting an ex parte filing in these circumstances. ECF No. 121 at 6. The government has asked Rep. Cuellar for a copy of Exhibit A to be able to respond to that part of the motion, but Rep. Cuellar's counsel has not responded to the government's email. *See* Ex. 1. Without knowing what information Rep. Cuellar wants the government to search for, the government has no way to respond on the merits. The Court should thus deny the motion without prejudice to renewing it after Rep. Cuellar provides Exhibit A to the government.

Third, Rep. Cuellar requests "an ex parte conference with the Court on these matters." ECF No. 121 at 7. The government's classified ex parte supplement to this opposition, which discusses classified information that the Court has authorized the government to withhold in discovery,

4

explains why ex parte communications with defense counsel are not warranted here. Rep. Cuellar's request for an ex parte conference should thus be denied.

Fourth, Rep. Cuellar asks the Court to direct the government to disclose whether the prosecution team relied on information collected under Section 702 of the Foreign Intelligence Surveillance Act (FISA) Amendments Act of 2008. ECF No. 121 at 7. Besides the notice required by FISA, *see* 50 U.S.C. §§ 1806(c) & 1825(d) — an obligation that the government has already acknowledged, *see* ECF No. 111 at 5 — whether FISA information did or did not play a role in any specific investigation is generally classified. The government thus cannot respond to Rep. Cuellar's request in a public filing. The government's classified ex parte supplement explains why this request should be denied.

The motion should be denied.

Dated: July 31, 2025

Respectfully submitted,

EDWARD P. SULLIVAN
Acting Chief
Public Integrity Section
Criminal Division
U.S. Department of Justice

By: */s/ Celia Choy*
Rosaleen O'Gara
Celia Choy
Aaron L. Jennen
Attorneys for the United States

SCOTT M. LARA
Acting Chief
Counterintelligence and Export Control Section
National Security Division
U.S. Department of Justice

By: */s/ Garrett Coyle*
Garrett Coyle
Attorney for the United States

**CERTIFICATE OF SERVICE**

    I certify that I filed this document via the CM/ECF system on July 31, 2025, which caused the document to be electronically served on all counsel of record.

                                        */s/ Garrett Coyle*
                                        Garrett Coyle